

King & Spalding LLP
1000 Bridge Parkway
Suite 100
Redwood Shores, CA 94065
Tel: (650) 590-0700
Fax: (650) 590-1900
www.kslaw.com

Paul J. Andre

July 18, 2008

**VIA FACSIMILE**

The Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



Re: Aladdin Knowledge Systems, Ltd. v. Finjan, Inc. and Finjan Software Ltd.,
Case No: 08 Civ. 5611 RJH

Dear Judge Holwell:

Pursuant to the Individual Practices of this Court, Defendant Finjan Software Ltd. ("Finjan Israel") hereby informs the Court that it intends to file a motion to dismiss the present action under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) in lieu of filing an answer. Defendant Finjan, Inc. ("Finjan USA") has not yet been served in this action and therefore will not join in the motion at the present time. In addition, Finjan Israel's motion will request in the alternative that this Court transfer the pending action to the United States District Court for the District of Delaware ("District of Delaware") pursuant to U.S.C. § 1404(a) because there is an earlier filed action now pending in the District of Delaware between the parties, concerning very similar technology. Transfer would be in the interest of convenience and justice. Accordingly, Finjan Israel respectfully requests that this Court schedule a pre-motion conference to address its anticipated motion.

### Personal Jurisdiction

It is the position of Finjan Israel that this Court cannot exercise personal jurisdiction over Finjan Israel under any provision of the New York long arm statute or the Due Process Clause of the United States Constitution. N.Y. C.P.L.R. §§ 301, 302(a) (McKinney 2008) (the "New York long arm statute"), U.S. Const. amend. V (the "Due Process Clause"). None of the parties in this action are located in New York. Plaintiff Aladdin Knowledge Systems Ltd. ("Aladdin") and Finjan Israel are Israeli corporations with their principal places of business in Israel. Finjan USA is a Delaware corporation with its principal place of business in California.

The Honorable Richard J. Holwell
July 18, 2008
Page 2

      Finjan Israel has only tenuous and limited contacts with New York. Finjan Israel is not licensed to conduct business in New York and does not have offices, bank accounts or employees in New York. Finjan Israel is not aware of engaging in any business transactions with consumers in New York or in any other way soliciting business from New York individuals or entities. While Finjan USA, a Delaware corporation, maintained an office in New York, New York from mid-2006 through mid-2008, Finjan USA no longer has an office or employees in New York.

      While Finjan Israel and Finjan USA are related companies, being wholly-owned subsidiaries of Finjan Software, Inc. (collectively the "Finjan Companies"), a privately held Delaware corporation with its principal place of business in San Jose, California, they remain separate corporate entities. The Finjan Companies are in the business of selling Internet security solutions for businesses and organizations (the "Finjan Products"). Finjan USA operates a website at www.finjan.com (the "Finjan USA Website") that passively promotes the Finjan Products. All sales of the Finjan Products to consumers with shipping addresses in the United States are made by Finjan USA, not Finjan Israel. Likewise, the Finjan Products sold to United States consumers are manufactured, assembled and packaged under the direction of Finjan USA, not Finjan Israel, in the United States and then shipped to consumers throughout the United States. Finjan USA's contacts with New York, including the operation of the Finjan USA Website, cannot be imputed to Finjan Israel as they are separate entities. *See* Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998) (refusing to allow the forum contacts of one company to be imputed to a related company).

      The New York long arm statue limits the exercise of personal jurisdiction over a foreign defendant depending upon a defendant's contacts with New York or the relationship of the action to the state. N.Y. C.P.L.R. §§ 301, 302(a). This Court cannot exercise personal jurisdiction over Finjan Israel under any portion of the New York long arm statute. Finjan Israel is not subject to the general jurisdiction of this Court under Section 301 because Finjan Israel has not engaged in such a continuous and systematic course of doing business in New York that a finding of its presence in this jurisdiction is warranted. As to specific jurisdiction under Section 302(a), Finjan Israel has not engaged in any of the activities enumerated in the statute that would allow for the exercise of specific personal jurisdiction by this Court. Further, Finjan Israel is not subject to specific personal jurisdiction because the present action as to Finjan Israel does not arise out of Finjan Israel's limited contacts with New York.

      In addition to being contrary to the New York long arm statute, this Court's exercise of personal jurisdiction over Finjan Israel would not comport with the Due Process Clause of the United States Constitution. First, Finjan Israel did not engage in such substantial forum activities as to have purposefully availed itself of the privilege of doing business in New York. Second, this Courts exercise of personal jurisdiction over Finjan Israel would be unreasonable. Chaiken v. VV Publ'g Corp, 119 F.3d 1018, 1028 (2d Cir. 1997).

The Honorable Richard J. Holwell
July 18, 2008
Page 3

### Improper Venue

In the event this Court finds that it can exercise personal jurisdiction over Finjan Israel under the New York long arm statute and the Due Process Clause, Finjan Israel requests that the action be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) because venue in this judicial district is improper. Under 28 U.S.C. § 1400(b), venue for the pending action must be in a judicial district in which "the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). As discussed in detail above, Finjan Israel does not reside in New York. Further, Finjan Israel has not engaged in any business activities in New York and can therefore not be held to have "committed acts of infringement" in New York. Finally, Finjan Israel has never had "a regular and established place of business" in New York.

### Motion to Transfer Venue

In the alternative, pursuant to 28 U.S.C. § 1404(a), Finjan Israel requests that this action be transferred to the District of Delaware. Finjan Israel filed a patent infringement action against Aladdin on May 21, 2008 (hereinafter the "Delaware Action"). As the earlier-filed matter, Finjan Israel's Delaware Action has priority over this action. In the Delaware Action, Finjan Israel's claims are directly related to and overlap with the technology, products and factual allegations made by Aladdin in this Action. Aladdin and Finjan Israel are parties in both actions. Both actions involve patent infringement claims for patents in the field of internet security. It is undisputable that all of the patents at issue in the two actions relate to technology providing Internet security to customers – a market in which the Finjan Companies and Aladdin directly compete for customers. As a plaintiff in the earlier-filed Delaware Action, Finjan Israel voluntarily subjected itself to the jurisdiction of Delaware. Accordingly, Finjan Israel cannot contest personal jurisdiction should Aladdin asserts its claims against Finjan Israel as counterclaims in the Delaware Action

It is well settled in the Second Circuit that "where there are two competing lawsuits, the first suit should have priority." Everest Capital Ltd. v. Everest Finds Mgmt, L.L.C., 178 F. Supp. 2d 459, 462 (S.D.N.Y. 2002) (quotation omitted). Finjan Israel's earlier-filed action was pending in the District of Delaware when Aladdin filed this action in the Southern District of New York. As such, under the first filed rule, this matter should be transferred to the District of Delaware. The first filed rule applies in the present case even though the issues in the Delaware Action and the New York Action may not necessarily be identical. Manufacturers Hanover Trust Co. v. Palmer Corp., 798 F. Supp 161, 166-67 (S.D.N.Y. 1992).

Transfer of this action is also in the interest of justice. 28 U.S.C. § 1404(a). In considering Defendants' request to transfer venue under 28 U.S.C. § 1404(a), courts in the Second Circuit "generally consider several factors, including: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and

The Honorable Richard J. Holwell
July 18, 2008
Page 4

(9) trial efficiency and the interest of justice, based on the totality of the circumstances." Invivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp. 2d 433, 436 (S.D.N.Y. 2000) (citations omitted). Each of these factors either favors transfer or is neutral on the issue.

While the plaintiff's choice of forum is normally given deference by a court considering a motion to transfer, the relevant case law is clear that a plaintiff's choice of forum is accorded less weight in instances where, as in this case, "the operative facts have no connection to the chosen district" or in instances where there is an earlier filed action. Cartier v. D & D Jewelry Imports, 510 F. Supp 2d 344, 346 (S.D.N.Y. 2007); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 135 (S.D.N.Y. 1994). Trial efficiency will be achieved by transfer of the present action to Delaware. The Delaware Action will have many overlapping issues with the present action, which will likely entail a significant overlap in discovery, evidence and witnesses. Both the Delaware Action and the New York Action are in the early stages of litigation and could easily be combined with this action upon transfer to Delaware. Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 376-77 (S.D.N.Y. 2006).

Furthermore, the locus of operative facts for the present dispute is not New York. In a patent infringement action, "[o]perative facts... include facts relating to the design, development, and production of" the accused product. Invivo, 119 F. Supp. 2d at 436 (citation omitted). The Finjan Products are designed and developed in Israel. Therefore, the locus of operative facts is in Israel. The pertinent witnesses for both parties as well as the majority of the documents are located in Israel, where both parties have their principal places of business. As a result, New York and Delaware are equally convenient forums for Finjan Israel and Aladdin and compulsory service is likely to be equally troublesome in New York and Delaware. Finally, the District of Delaware and the Southern District of New York are equally knowledgeable regarding the federal patent law.

Should Your Honor have any questions, counsel is available at the Court's convenience.

Respectfully,

*Paul J. Andre / njy*

Paul J. Andre
NY Bar No. 2813442

cc: Edward J. DeFranco, Esq. (via Facsimile)
Claude M. Stern (via Facsimile)
Evette D. Pennybaker (via Facsimile)

*[Handwritten note:]* Defendant Finjan Israel may proceed with its motion. The parties should confer and submit a proposed briefing schedule. SO ORDERED [signature] USDJ 7/29/08